REUBEN COON *et al.,* Appellants, *v.* THOMAS L. NOCK, Appellee.

APPEAL FROM SANGAMON.

The payee and indorser of a note, is not a competent witness to prove that an assignee had not paid any consideration for a note, or that it had not been delivered to the assignee.

THIS was an action of assumpsit, commenced in the Sangamon Circuit Court, RICE, Judge, presiding, at the June special term, by Thomas L. Nock, assignee of C. D. Loveland, the payee, on the following promissory note: " Six months after date, we promise to pay to the order of C. D. Loveland, one hundred and twenty-five dollars at Havana, Ill. Value received."

And on the back of which said note was the following indorsement: " For value received, I assign the within note to Thomes L. Nock, this January 17th, 1859."

The above note, together with others, were made and duly signed by Reuben Coon & Bro., and by Reuben Coon; said notes were made payable to C. D. Loveland, and by him duly indorsed to Thomas L. Nock, the appellant in this court.

The appellees, Reuben Coon & Bro., filed their plea of nonassumpsit, and filed a notice with said plea, by consent, noti-

fying the appellant that they would undertake to prove there was usury, etc., in the original loan and contract in and concerning said notes. The plaintiff and defendant below formed their issues on said general issue, and said notice. They went to trial thereon, submitting said cause to the court without the intervention of a jury, by consent. The court heard the evidence and proofs on both sides, and gave judgment for said Thomas L. Nock for $1,381.68.

The defendants called as a witness, *C. D. Loveland*, the payee and assignor of said notes. The assignor swore that he indorsed said notes before they became due, and that the assignee had no notice of any defense. The said defendants then proposed to prove by said Loveland, the assignor and witness, that there was no consideration given for said indorsement, and that said notes so indorsed were never delivered to plaintiff below. The witness was asked said questions, which were objected to by the plaintiff, and the objections sustained by the court, and to which said rulings and decisions the said defendants excepted.

The defendants made a motion for a new trial, which was overruled by the court.

W. H. HERNDON, for Appellants.

STUART & EDWARDS, for Appellee.

WALKER, J.   This was an action of assumpsit, on three several promissory notes, executed to Loveland, and indorsed by him to the plaintiff below. The indorsements bear date before the maturity of the notes. The defendants below interposed the general issue, and a notice that on the trial, they would insist upon the defense of usury, to defeat a recovery in part. On the trial, after the notes were read in evidence, and the plaintiff had rested his case, the defendants below called Loveland the payee, who testified that the notes were indorsed before their maturity, and without notice of any defense. Appellants then asked the question, " what did plaintiff give for said indorsement?" Also this question, " did you ever deliver said notes to plaintiff, after you indorsed the same?" Appellee objected to witness answering the questions, which objection was sustained by the court. This decision of the court below is assigned for error.

This record does not present the question whether the payee was a competent witness to prove the defense of usury against the assignee. Nor was it proposed to make any proof of usury. These questions were asked to establish a very differ-

ent defense, and so far as we can see, entirely disconnected from that of usury. It was an attempt to show that the assignee had not paid any consideration for the notes, and that they had not been delivered to him. The assignee was not competent to prove those facts, even if they constituted a defense. *Stacy* v. *Baker*, 1 Scam. 417. It was there held that the assignor was not competent to prove the fact of assignment, or any other fact, in a suit on the note against the maker. That case is decisive of this question.

No error is perceived in this record which requires a reversal of the judgment of the court below, and it is therefore affirmed.

*Judgment affirmed.*