First National Bank of Rochester *vs.* A. L. Bentley and
another.

August 4, 1880.

**Principal and Agent—Renewal of Note.**—S. owed the plaintiff, and had
endorsed to it, as security for the debt, a note of defendants, payable
to his order.  The note falling due, the defendants applied to him to
renew it, to which he consented, and defendants thereupon executed
to him a new note for the amount, principal and interest, due on the
first note.  He took the new note and exchanged it with plaintiff for
the first note, endorsing the second to it.  Plaintiff knew nothing of
the renewal beyond what it might infer from the production to it of
the new note.  *Held*, that S. was not the agent of the plaintiff in mak-
ing the renewal.

**Negotiable Note—Defence of Usury.**—Laws 1877, *c.* 15, § 3, (Gen. St. 1878, *c.*
23, § 4,) intends that the defence of usury may be interposed in an action
on negotiable paper, only where any other defence, if it exist, might be
interposed.

**Same—Endorsee for Value.**—An endorsee of a negotiable note transferred
to him before maturity, and without notice, as security for a precedent
debt, is a purchaser for value, if he surrender other securities for the
debt in consideration of the transfer of the note to him.

Appeal by defendant from an order of the district court for
Olmsted county, refusing a new trial after trial by *Mitchell,*
J., a jury being waived.

*Chas. C. Willson,* for appellant.

*Start & Gove,* for respondent.

Gilfillan, C. J.   Laws 1877, *c.* 15, (Gen. St. 1878, *c.* 23,)
limits to 12 per cent. the rate of interest which parties may
contract for.  Section 3 (Gen. St. 1878, *c.* 23, § 4) declares
all contracts and transactions wherein a greater rate is re-
ceived shall be void, "except as to *bona-fide* purchasers of
negotiable paper, as hereinafter provided, in good faith, for
a valuable consideration, before maturity:  * * *  *pro-
vided, further,* that nothing herein shall be construed to pre-
vent the purchase of negotiable mercantile paper, usurious
or otherwise, for a valuable consideration, by an innocent

purchaser, free from all equities, at any price, before the maturity of the same, where there has been no intent to evade the provisions of this act, or where said purchase has not been part of the original usurious transaction. In any case, however, where the original holder of an usurious note sells the same to an innocent purchaser, the maker of said note, or his representatives, shall have the right to recover back from the said original holder the amount of principal and interest paid by him on said note."

One Stow held two notes of these defendants, and in July, 1878, endorsed and transferred one of them, with other notes, to plaintiff, as collateral security for a loan then made by plaintiff to him. In October, 1878, these two notes having become due, the defendants, supposing that Stow still held them, applied to him for a renewal and extension for a year, which he agreed to give if they would pay interest at the rate of 18 per cent. per annum. This they agreed to, and executed a new note for each of the old notes, taking for the principal of each of the new notes the principal and interest then due on the old note for which it was given, and also a third note for the excess of interest agreed on over 12 per cent. per annum on the other two notes. Each of the three notes, by its terms, bore interest at the rate of 12 per cent. per annum. Stow then exchanged with plaintiff, for the note it held as collateral, the note which defendants had executed to take it up, and endorsed and delivered the new note to it, to be held by it as collateral security for the loan instead of the old note, which plaintiff, in consideration thereof, delivered to Stow, who surrendered it to defendants. This new note is the note now in suit, and is in the usual form of a negotiable promissory note. The plaintiff knew nothing of the usurious agreement between Stow and defendants.

We do not see how it can be claimed that in this usurious transaction Stow was plaintiff's agent. It neither knew in advance what he was going to do, nor afterwards what he had done, beyond the fact that he produced to it a note of defend-

ants, which he proposed to substitute as security in the place of the note then held by it; and the note thus offered to it does not include any of the fruits of the usury, nor has it derived, nor does it now claim, any advantage from the usury. The sole question is: was the plaintiff a *bona-fide* purchaser, such as is excepted in the act from the operation of the provision declaring usurious transactions void? From the confused manner in which the statute employs terms and phrases which have always had well-settled legal signification, there is some difficulty in arriving at its precise meaning. But we think the intent was to preserve, in favor of negotiable paper, in respect to the defence created by the statute, the same privileges and immunities accorded to it at common law in respect to defences generally, and that in an action on such paper the defence of usury may be interposed only where any other defence, if it existed, might be interposed.

Whether an endorsee of negotiable paper, transferred to him before its maturity, and without notice, as collateral security for a debt, holds it free of defences on the part of the maker, depends on the sufficiency of the consideration of the transfer to him to make him a purchaser for value. If the debt is created at the time of the transfer, and upon the credit of it, there can be no question of its sufficiency. That the existence of an antecedent debt, as security for which the note is transferred, is or is not, of itself, a sufficient consideration, the authorities are not agreed. There can be no doubt, however, either on principle or authority, that the surrender of other securities for the antecedent debt is a sufficient consideration. *Goodman* v. *Simonds*, 20 How. 343. The plaintiff comes within this rule.

Order affirmed.