PATTON v. GEE.

EVIDENCE: *Declaration of payee of a note after transfer.*
> The declarations of the payee of a note in the absence of the holder, impeaching his title, are not admissible in evidence against him in his suit against the maker.

APPEAL from *Washington* Circuit Court.
Hon. J. H. BERRY, Circuit Judge.

*B. R. Davidson*, for appellant:
Evidence showed that E. W. Gee claimed the note, for which the one sued on was given, and was competent and should not have been excluded. 1 *Green on Ev.*, secs. 108, 109; *Potts v. Everhash*, 26 *Penn. St.*, 493; *Yarborough v. Arnold et al.*, 20 *Ark.*, 597; *Phipps v. Martin*, 33 *Ark.*, 207.

ENGLISH, C. J. C. C. Gee sued T. J. Patton, in the circuit court of Washington county, on a note for $340, executed by defendant to plaintiff, twentieth of September, 1869, payable one day after date, with interest at ten per cent. from date until paid.

Defendant pleaded that the plaintiff procured him to execute the note by false representations, fraud, and without any consideration.

There was a trial, verdict and judgment against defendant for $500, new trial refused, bill of exceptions, and appeal.

It does not appear that the court gave any instructions to the jury, or if any were given, they were not brought on the record. The evidence was conflicting, but the jury were the judges of its weight.

Patton v. Gee.

The only question of law submitted by the counsel for appellant is, that the court erred in suppressing and excluding, as incompetent, portions of his depositions relating to declarations made by Edward W. Gee, touching the note in suit, and a note which it was taken in renewal of.

It appears from the evidence that on the thirtieth of August, 1863, appellant, Patton, executed a note to Edward W. Gee (his father-in-law, and the father of appellee,) for $200, payable nine months after date, with ten per cent interest, etc. The note in suit was given by appellant to appellee, twentieth of September, 1869, in renewal of that note, which was delivered up to appellant at the time, and he kept it. The gravamen of his plea was, that appellee falsely represented to him that he was the owner of the original note, when in fact it belonged to his father, Edward W. Gee, and so continued until his death, in 1876, and after that it belonged to his legal representatives; and that appellee was wrongfully in possession of it at the time the note in suit was executed to him in renewal of it.

The evidence on the part of appellee conduced to prove that his father was indebted to him for building a house, and delivered the original note to him in part payment of the debt, and the note being out of date, directed him to procure its renewal in his own name, and accordingly he obtained from appellant the note in suit, and surrendered to him the original note.

This suit was coummenced fourth of December, 1877, EVIDENCE; Declarations of payee of note after transfer.
and after the death of Edward W. Gee, and in the portions of the depositions suppressed by the court, the witnesses proved declarations made by Edward W. Gee to the effect that the original note belonged to him, and should have been renewed in his name.

Appellee was not present when these declarations were made, they were made after the declarant had parted with

, the possession of the original note, and after its renewal, and when the said note was in the hands of appellee, and were not admissible as part of the *res gestæ*. *Gullett and Wife v. Lamberton, 6 Ark., 109.*

The declarations in this case do not come within the rule laid down in *Yarborough v. Arnold et al., 20 Ark., 597,* that declarations made by persons in possession of personal property, explanatory of the character of the possession, or title by which it is held, and before the *lis mota*, are competent as part of the *res gestæ*.

Affirmed.