JOHN F. FREDIN and Others v. BENJAMIN B. RICHARDS and Another.[1]

June 28, 1895.

Nos. 9378—(201).

**Promissory Note—Usury—Innocent Purchaser.**

So much of G. S. 1894, § 2214, as reads: "In any case, however, where the original holder of an usurious note sells the same to an innocent purchaser, the maker of said note, or his representatives, shall have the right to recover back from the said original holder the amount of principal and interest paid by him on said note,"—construed, and *held*, that the term "innocent purchaser" means a bona fide indorsee or bearer of the note, within the law merchant.

**Same.**

Where an usurious note, payable to the order of a particular party, is transferred by the original holder without indorsement, the transferee, although he takes it for value and without notice, is not an innocent purchaser of the note; and if the maker pays it to him he cannot maintain an action, under the statute, against such original holder, to recover the amount so paid.

Appeal by defendants from an order of the district court for St. Louis county, Moer, J., denying a motion to set aside a verdict for $2,451, in favor of plaintiffs, and for a new trial. Reversed.

*D. H. Twomey*, for appellants.

*Draper, Davis & Hollister*, for respondents.

START, C. J. The allegations of the first count or cause of action of the plaintiffs' complaint, so far as here material, are substantially

[1] Reported in 63 N. W. 1031.

as follows: That P. L. Peterson on June 15, 1891, applied to the defendants for a loan of $4,000, which they made to him, and, in consideration therefor, received from him his promissory note, dated on that day, for that sum, due six months after date, payable to Bear Valley Bank, or order, with interest at the rate of 8 per cent. per annum. That, as a condition of making such loan, the defendants required a guaranty of payment of the note to be executed by the plaintiffs, and at the request of Peterson they executed the following guaranty, indorsed upon the note before its delivery: "For value received, I hereby guaranty payment of within note, and waive demand, notice, and protest." That when such note became due it was renewed by Peterson's giving a new note, with the like guaranty by the plaintiffs indorsed thereon, payable to the Cascade Bank, or order, for the sum of $4,000, with interest at the rate of 10 per cent. per annum. Peterson paid upon this note $2,000, and renewed the note by giving to the defendants a new note for the sum of $2,000, payable to the Dubuque National Bank, of Dubuque, Iowa, with interest at the rate of 10 per cent. per annum, which note was signed by him, and guarantied by the plaintiffs, in the same manner as the previous notes. That before its maturity this last note was by the defendants sold to the payee therein mentioned, the Dubuque National Bank, for a valuable consideration, without any notice on its part of any defense thereto, or knowledge of any fact that did not appear on the face of the note, and in the contract of guaranty indorsed thereon. That the defendants exacted from Peterson, as a bonus, and as a condition for making the loan and the renewals of the several notes, the sum of $400 in excess of the highest rate of interest allowed by law. That the money loaned and the several notes in fact belonged to the defendants until the sale of the last renewal note to the Dubuque National Bank, and the naming of the several banks as payee in the several notes was merely colorable, and that each of the notes was usurious and void in the hands of the defendants. That the Dubuque National Bank brought an action against Peterson and the plaintiffs to recover the amount of the note and interest. That they defended such action on the ground that the note was usurious, but the bank recovered a judgment against them for the sum of $2,373.11, which the plaintiffs

paid on March 29, 1894. That the plaintiffs did not receive any part of such loan, and were accommodation guarantors of the several notes. And they seek to recover from the defendants the sum so paid by them, as "maker of the note, or his representatives," under the provisions of G. S. 1894, § 2214, and not to recover usurious interest paid, under section 2213. The complaint also contains a second cause of action, which will be hereinafter noticed. The action was tried, resulting in a verdict for the plaintiffs for the amount claimed, and from an order denying their motion for a new trial the defendants appealed.

1. Upon the trial the defendants duly raised the question that the first count of the complaint did not state a cause of action, and duly objected to the reception of any evidence in support of it, which objection was overruled, and an exception duly taken. Do the allegations of the first count of the complaint constitute a cause of action? This question depends upon the construction to be given to G. S. 1894, § 2214, which reads as follows: "* * *. In any case, however, where the original holder of an usurious note sells the same to an innocent purchaser, the maker of said note, or his representatives, shall have the right to recover back from the said original holder the amount of principal and interest paid by him on said note." It is admitted by the plaintiffs that their first cause of action is predicated on this section of the statute, and that they must bring themselves within its terms, or their alleged cause of action fails.

The question principally discussed on the argument of the appeal, as to the construction of this statute, was whether or not the plaintiffs are makers of the note, within the meaning of the statute. We are of the opinion that the words "maker" and "note," as used in this statute, include the maker of a guaranty of payment of a promissory note indorsed thereon, where he has been obliged to pay a usurious note by reason of the guarantied note having been sold to an innocent purchaser; hence, if the allegations of the complaint show that the note in question was sold to an innocent purchaser, then they state a cause of action. This brings us to the question, does the complaint show that the Dubuque National Bank was an innocent purchaser of the note in question, within the meaning of this statute?

The manifest intention of the statute was to prevent the original payee or holder of an usurious note from selling it to a bona fide indorsee, and thereby defeating all remedy under the usury law. It secures this result by giving a cause of action to the maker of the note against the payee or holder for the recovery of the amount he may be compelled to pay on the note by reason of a transfer of the note to an innocent purchaser, whereby he is deprived of the defense of usury in an action by such purchaser of the note. But if the purchaser of the note is not an innocent purchaser, so that the maker is not deprived of the defense of usury by the transfer of the note, he has no cause of action against the original payee or holder. When the statute is read in connection with what precedes it, providing that nothing in the usury law "shall be construed to prevent the purchase of negotiable mercantile paper, usurious or otherwise, for a valuable consideration, by an innocent purchaser, free from all equities," it is manifest that the term "innocent purchaser," as used in the statute, means a bona fide indorsee or bearer of the note, within the law merchant. This is practically decided in the case of First Nat. Bank v. Bentley, 27 Minn. 87, 6 N. W. 422, in which it was held that this statute "intends that the defense of usury may be interposed in an action on negotiable paper only where any other defense, if it exist, might be interposed." See, also, Scott v. Austin, 36 Minn. 460, 32 N. W. 89, 864.

If the plaintiffs might have successfully interposed the defense of usury, if it existed, when sued by the Dubuque National Bank on the note and guaranty in question, then it is clear that they cannot maintain this action. It is to be observed that it is not alleged in the complaint that such bank recovered judgment against the plaintiffs because it was a bona fide indorsee or bearer of the note, whereby they were deprived of their defense of usury. If it had done so, and the other allegations of the complaint showed that the bank was not, and could not have been, such bona fide purchaser, the latter allegations would control. Now, it is perfectly clear that the bank was not such innocent purchaser of the note, for it was itself the payee of the note, which was payable to it or its order, and it could not be a bona fide indorsee or bearer thereof. If it had no interest in the note until it purchased the same from the defendants, then it took title to the note by assignment, as

a mere chose in action, subject to any and all defenses the plaintiffs had to it. On the other hand, if it was the owner and payee of the note at its inception, and it was void for usury, the plaintiffs had a complete defense to it in the hands of the bank. In no permissible view of this case can it be brought within the statute. 1 Daniel, Neg. Inst. § 729; Pease v. Rush, 2 Minn. 89 (107); Van Eman v. Stanchfield, 10 Minn. 197 (255). The allegations of the first count of the complaint do not constitute a cause of action, and it was error to receive any evidence in support of it.

2. The allegations of the second count or cause of action of the plaintiffs' complaint constitute a cause of action; but both the first and second causes of action were submitted to the jury, and there was a general verdict for the plaintiffs, and it is impossible to say whether the verdict was based upon both causes of action, or upon the first one or the second one. Therefore the order appealed from must be reversed, and a new trial granted.

So ordered.