LESLIE J. ROBINSON v. JOHN T. SMITH and Another.[1]

July 10, 1895.

Nos. 9365–9366—(214–215).

**Promissory Note to Bearer—Evidence of Ownership.**
Possession of a negotiable promissory note payable to bearer is prima facie evidence of ownership thereof, and such is the rule whether it is transferred before or after maturity.

**Usury—"Innocent Purchaser" under G. S. 1894, § 2214.**
The term "innocent purchaser," as used in the proviso to G. S. 1894, § 2214, means a bona fide indorsee or bearer, within the law merchant.

**Usurious Notes—Transfer by "Innocent Purchaser" after Maturity.**
One Morgan was such bona fide bearer of certain usurious notes, which he had purchased before maturity, for full value, in good faith, without any notice of any rights or equities of the makers and with no intent to evade the usury laws of the state, and after the maturity of the notes he sold them to the plaintiff for a valuable consideration. *Held*, that the plaintiff took the notes freed from the vice of usury, and with the same right to enforce payment of them that his transferrer had.

[1] Reported in 64 N. W. 90.

Findings Sustained—Stipulation.

*Held,* that the findings of fact of the trial court, also its finding that a certain stipulation had not been complied with by the defendants, are sustained by the evidence.

Appeals by defendants from an order of the district court for Jackson county, P. E. Brown, J., denying a motion for a new trial, and from a judgment in favor of plaintiff for $5,141.11. Affirmed.

*Wilson Borst* and *Lorin Cray,* for appellants.

*J. W. Seager* and *J. G. Redding,* for respondent.

START, C. J.[2] Action upon four negotiable promissory notes, each for $1,000, dated October 1, 1883, due October 1, 1888, executed by the defendants, and payable to James S. Parsons, or bearer. They are a part of a series of notes secured by a mortgage which was decided by this court to be usurious and void, in the case of Smith v. Parsons, 55 Minn. 520, 57 N. W. 311. Cause tried by the court; judgment directed for plaintiff for the amount of the notes; motion for new trial by defendants; denied; judgment entered; and defendants appeal from the order and from the judgment.

1. The answer denied the transfer of the notes to the plaintiff, and upon the trial the plaintiff produced the notes, and introduced them in evidence, and rested. Thereupon the defendants moved to dismiss the action because there was no proof that the plaintiff was the owner of the notes. Denied, and defendants excepted. The ruling was correct, for the possession of a negotiable promissory note payable to bearer is prima facie evidence of ownership, and such is the rule whether the note was transferred before or after its maturity. Such a note is assignable by delivery in accordance with the custom of merchants. 1 Daniel, Neg. Inst. § 729; Murray v. Lardner, 2 Wall. 110.

2. The trial court found that before the maturity of the notes, and on December 13, 1883, James S. Morgan, in good faith, and without any notice or knowledge of any rights or equities in favor of the defendants, or either of them, purchased, for full value, the notes, with no intent to evade the usury laws of the state, and that his purchase was no part of any usurious transaction; that after the maturity of the notes, and in August, 1892, Morgan, for a valu-

[2] Buck, J., took no part.

able consideration, sold and delivered the notes to the plaintiff, who has ever since been the owner of the notes. These findings, eliminating all incompetent and immaterial evidence, are fully sustained by the evidence.

Assuming, then, that the notes were usurious, as between the original parties to them, we reach the vital question in this case, viz. did Morgan take the notes freed from the vice of usury; and, if so, did the plaintiff, by his purchase of them, acquire all of the rights and equities of Morgan in and to the notes, notwithstanding he himself was not a bona fide purchaser of the notes before maturity? The answer depends on the construction to be given to the proviso to G. S. 1894, § 2214, declaring all usurious notes, contracts, and securities void, which reads as follows: "Nothing herein shall be construed to prevent the purchase of negotiable mercantile paper, usurious or otherwise, for a valuable consideration, by an innocent purchaser, free from all equities, at any price before the maturity of the same, when there has been no intent to evade the provisions of this act, or where said purchase has not been a part of the original usurious transaction. In any case, however, where the original holder of an usurious note sells the same to an innocent purchaser, the maker of said note, or his representatives, shall have the right to recover back from the said original holder the amount of principal and interest paid by him on said note."

Manifestly, this proviso was enacted in view of the fact that negotiable paper enters into the channels of commerce, and constitutes a large addition to the medium of exchange in the business world, and that its free circulation as such medium ought not to be hampered. The statute, therefore, makes no attempt to repeal the law merchant, as to usurious negotiable paper, but expressly provides that after the paper has passed into the hands of an innocent purchaser for value, before maturity, it is freed from the vice of usury. The maker has no longer any defense, as against the purchaser; but the law, in such cases, gives him a right to recover from the original holder, who transferred the paper, the amount of the usurious paper he is required to pay. An "innocent purchaser," as the term is used in this statute, means a bona fide indorsee or bearer, within the law merchant. Fredin v. Richards, 61 Minn. 490, 63 N. W. 1031; First Nat. Bank v. Bentley, 27 Minn. 87, 6 N. W. 422.

This last case holds that the proviso we are considering intends that the defense of usury may be interposed in an action on negotiable paper only where any other defense, if it exist, might be interposed. Now, it is clear that the defendants in this action could not interpose any other defense against these notes in the hands of the plaintiff. Therefore, they cannot interpose the defense of usury. This conclusion follows from the rule of the law merchant, that one who acquires negotiable paper from a bona fide indorsee or bearer, who purchased it for value, before maturity, obtains the title and rights of such indorsee or bearer. Therefore, he will not be affected by the fact that he purchased after maturity of the paper, and with notice of fraud or other vice in the origin of the paper. It would be inconsistent that the law should recognize a perfect title to the paper in an innocent purchaser, yet limit his right to dispose of it. If he cannot transfer the paper, with all the privileges and immunities attaching to it in his hands, to any one he pleases, his title is imperfect; he is deprived of a free market for it. The statute gives the right to an innocent purchaser to acquire negotiable paper, usurious or otherwise, free from all equities; and by his purchase he obtains this immunity, which becomes his property, and he may transfer it to whom he pleases. Bedell v. Herring, 77 Cal. 572, 20 Pac. 129, and 11 Am. St. Rep. 322, note; 1 Daniel, Neg. Inst. § 803. The question must be answered in the affirmative. The plaintiff, by his purchase from Morgan, acquired the notes free from the defense of usury.

The New York cases relied upon by defendants' counsel are not in point, for the usury law of that state is not identical with our own, in that since 1837 it has contained no provision similar to the proviso we have considered. In that state a note void for usury continues void forever, whatever its subsequent history may be. 4 Rev. St. N. Y. (8th Ed.) p. 2513, part II., c. IV., § 5; Claflin v. Boorum, 122 N. Y. 385, 25 N. E. 360; Tyler, Usury, 67. The usury law of the state of New York, from 1830 to 1837, contained a provision similar to the proviso in our law; and the case of Andrews v. Pond, 13 Pet. 65, cited by defendants' counsel, involved the validity of a usurious bill of exchange under the New York statute as it was prior to 1837. But the case is not in point, for the bill had been protested for nonacceptance, which fact appeared on its

face when transferred by the original holder, and there was no claim that the plaintiff received it from a bona fide indorsee before maturity, without notice of any infirmity in the bill.

3. After the evidence had been submitted in this case, the parties entered into an agreement for a settlement of the case upon certain conditions to be performed by the defendants within 30 days from its date. It was provided that if the defendants performed the conditions within the time the action should be dismissed, but if they failed to do so the court should proceed, and decide the case on the merits. The plaintiff, claiming that the defendants had not performed, or tendered performance of, the conditions of the stipulation, made a motion, on the files and records in the case, and upon affidavits, that the court proceed and decide the case. The defendants, claiming that they had tendered performance of the terms of the stipulation on their part, opposed the motion on affidavits. The court found that defendants had not tendered performance of the stipulation, granted the motion, and made its findings of fact and conclusions of law, and judgment was entered thereon for the plaintiff. Upon the appeal from the judgment the defendants seek a review of this action of the court. The affidavits were conflicting, and the evidence such as might reasonably lead different minds to opposite conclusions as to the fact in question, but we are of the opinion that it reasonably tends to support the decision of the trial court. First Nat. Bank v. Randall, 38 Minn. 382, 37 N. W. 799.

Order and judgment affirmed.