JACOB ZIMMERMAN v. KEARNEY COUNTY BANK.*

FILED FEBRUARY 23, 1899.   NO. 8693.

1. **Instructions: REPETITION.** It is not error to refuse to give an instruction, the substance of which is embodied in one given in charge to the jury.

2. ———: **DISCREDITING EVIDENCE.** An instruction which refers to a designated portion of evidence in such manner as to tend to wholly discredit it in the estimation to be given it by the jury may be refused.

3. **Note: INDORSEMENT: EVIDENCE.** In an action between an indorsee of a promissory note and the maker, the admissions or statements of the indorser made subsequent to the indorsement may not be received in evidence to impeach the validity or weaken

---

*Rehearing allowed.

the force of the indorsement or the transfer of title evidenced by it.

4. **Witnesses:** CROSS-EXAMINATION. A party may not cross-examine a witness in regard to matters of which said party could not introduce evidence in chief on his part, or as such evidence in chief, and afterwards contradict the answers to the cross-examination. (*Johnston v. Spencer*, 51 Neb. 198; *Myers v. State*, 51 Neb. 517.)

5. **Review:** CONFLICTING EVIDENCE. A verdict on conflicting evidence, of which there is sufficient favorable to sustain it, will not be disturbed on review.

ERROR from the district court of Kearney county. Tried below before BEALL, J. *Affirmed.*

*Ed L. Adams* and *F. G. Hamer*, for plaintiff in error.

*J. L. McPheely, contra.*

HARRISON, C. J.

This action was instituted by the bank to recover an amount alleged to be its due from the plaintiff in error on a promissory note of which he was the maker, and of which the bank asserted it had become the owner before maturity and in good faith by purchase from the firm of Finch & Paddock, to which the note had been, as payee, executed and delivered. The execution and delivery of the note were admitted, the usurious nature of the contract which it evidenced was pleaded, and it was further pleaded in defense that the bank was not an innocent purchaser of the instrument in suit. The only issue contested during the trial was the innocent or *bona fide* character of the bank's purchase or ownership of the note. The bank was given a verdict and judgment, to reverse which is the purpose of the present proceedings in this court.

It is argued that the trial court erred in the refusal to give the following instruction to the jury: "Where usury in the original transaction is shown, it is not sufficient for the plaintiff to show the payment of value. He must

55

show also that he purchased in good faith. A statement by him that he did not know or have reason to believe there would be a contest over it is not sufficient to show good faith." There was no error in the refusal to give said instruction, for two reasons: one of which is that the subject was fully covered in an instruction given at the request of the parties who offered the one quoted, and the second reason is that the latter part of the instruction refused referred specifically to a fragment of testimony and stated that it could not be given a stated significance, which, if conceded to be true, yet to so state might have induced the jury to entirely disregard any such testimony or not allow it the weight to which it would be entitled.

During the trial there was read in evidence the deposition of W. H. Paddock, one of the members of the firm, the original payee and indorser and guarantor of the payment of the note in suit. When his deposition was taken he was cross-examined for the plaintiff in error, and during such cross-examination was interrogated in regard to an interview and conversation with the payor of the note subsequent to its alleged purchase by the bank in which it was asserted the witness had made certain statements relative to the sale of the note which tended to impeach the validity thereof or to show that it in fact had never occurred. The answers of the witness to these questions were in the nature of denials of any such statements or admissions on his part. Witnesses were produced for plaintiff in error by whom it was offered to show that the witness Paddock had taken part in the conversations relative to which he had been cross-examined, and that the admissions attributed to him had been made during such conversations.

In this action between the indorsee of the note and its maker, these alleged admissions of the witness Paddock could not be received to impeach the validity or destroy the force of the indorsement or its sale which the indorsement evidenced. (*Coon v. Nock*, 27 Ill. 235; *Stacy*

*r. Baker*, 1 Scam. [Ill.] 417.)  This being true, the cross-examining parties could not have proved these admissions as a part of their case or evidence in chief, and could not cross-examine in regard to them and contradict the answers of the witness.  (*Johnston v. Spencer*, 51 Neb. 198; *Myers v. State*, 51 Neb. 517.)

In regard to the questions litigated, the evidence was conflicting, and we cannot say that the verdict of the jury was without sufficient evidence to support it; and in accordance with the well established rule, it will not be disturbed.  The judgment is

AFFIRMED.