# T. P. ROACH v. OLE HALVORSON.[1]

October 9, 1914.

Nos. 18,729—(235).

**Collateral security — title of holder.**

1. The transfer of negotiable paper for value and in the usual course of business, as collateral security, vests in the holder a valid title, similar in all respects to that held by an unconditional indorsee.

**Evidence — admissions by former owner of note.**

2. The general rule that admissions of a former owner of property in disparagement of his title, made after he has parted with the title and possession, cannot be received in evidence against his successor in interest, applies to commercial paper.

**Hearsay.**

3. Under the rule admissions made by the payee of a negotiable promissory note after he has transferred the same to a third person, tending to show that the note was by him obtained in fraud, are hearsay and inadmissible against the indorsee in an action against the maker.

Action in the district court for Rock county to recover $3,599.36. The case was tried before Nelson, J., who denied plaintiff's motion for a directed verdict in his favor, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed and new trial granted.

*A. J. Daley,* for appellant.

*C. H. Christopherson,* for respondent.

BROWN, C. J.

This action was brought to recover upon a promissory note given by defendant to the American & Canadian Land Co. a copartnership doing business in the state of Iowa, and by the payee transferred to

[1] Reported in 148 N. W. 1080.

Note.—Holder of bill or note as collateral security as a bona fide holder, see note in 31 L.R.A.(N.S.) 288.

127 M.—8.

plaintiff as collateral security. Defendant interposed in defense that the note was procured from him by the Land Co. by fraud and fraudulent representations and was wholly without consideration. Plaintiff in reply put in issue the allegations of fraud and fraudulent representations, and affirmatively alleged that the note was duly indorsed and delivered to plaintiff in the usual course of business, before maturity, and as collateral security for a loan of money then made to the Land Co., and that plaintiff had no notice or knowledge of the acts of fraud alleged in the answer. Defendant had a verdict and plaintiff appealed from an order denying a new trial.

The assignments of error in this court challenge certain rulings of the trial court in the admission and exclusion of evidence, the instructions of the court to the jury, and the sufficiency of the evidence to support the verdict.

1. The law controlling the rights of the parties is well settled in this state. The holder of a negotiable promissory note, delivered to him by the payee as collateral security, in the usual course of business for value and before maturity, stands in the same position as an unconditional indorsee, and is presumed to be a *bona fide* holder. First Nat. Bank of Rochester v. Bentley, 27 Minn. 87, 6 N. W. 422; 2 Notes on Minn. Reports, 94; First Nat. Bank of Morrison v. Busch, 102 Minn. 365, 113 N. W. 898. The defense of fraud in the procurement of the note is available to the maker, and, when he pleads and proves the same on the trial, the presumption of *bona fides* in the holder in effect disappears, and the burden is cast upon him to establish his good faith in fact. If he succeeds in this, he is entitled to recover notwithstanding the fraud, precisely as an unconditional indorsee may recover under a like state of facts, at least to the extent of the secured indebtedness. In other words, when the good faith is in fact shown the defense of fraud fails. This is settled law in this state (Cummings v. Thompson, 18 Minn. 228 (246); 1 Notes on Minn. Reports, 746), and the trial below proceeded in harmony therewith. Two issues were accordingly litigated, namely: (1) Whether the note in suit was procured by fraud and fraudulent representations, and without consideration, and (2) whether plaintiff was in fact a *bona fide* holder of the same, without notice of the fraud.

The verdict for defendant necessarily answered both questions in favor of defendant.

2. The assignments of error having reference to the admission of evidence may all be considered together, for with one exception they present substantially the same question. The note in suit was given to the Land Co. in part payment for certain land the company then agreed to sell and convey to defendant, which defendant claims the company represented that it owned, whereas, in fact, that the company had no title and could not convey the same, and never did so convey to him. Substantially all the evidence of the admission of which plaintiff complains, was clearly admissible. It was not necessary to connect plaintiff with the fraud, and the statements and representations made by the agents of the Land Co. at the time of and leading up to the final consummation of the transaction were properly received, insofar as they tended to show the alleged fraud. And, without referring to the evidence and the various assignments in detail, we affirm that no error was committed in this feature of the case, save as now to be mentioned.

3. The note was signed and delivered on February 13, 1911, for the sum of $3,200, and was due and payable on or before two years from that date. It was indorsed and transferred to plaintiff by the payee on March 14, 1912, and plaintiff at all times since has retained the same. At the time of the transfer and delivery of the note to plaintiff he loaned to the payee the sum of $3,000, and the transfer was so made as collateral security for its repayment. At the trial plaintiff expressly disclaimed the right to recover anything in excess of the amount of that loan. Defendant called a witness in his behalf, who was permitted to testify to a conversation had by him with one of the payees of the note, a member of the copartnership, in April, 1912, long after the note had been transferred to plaintiff, in which the payee admitted facts tending to show that the note was obtained by fraud, that the Land Co. did not own the land for which the same was given and were unable to convey it to defendant. This evidence was objected to as incompetent and hearsay, and the order overruling the objection is assigned as error. In admitting this evidence the court erred.

It was incumbent upon defendant to establish the allegations of fraud in the procurement of the note by legal and competent evidence, and plaintiff had the right to insist that he do so, for if there was no fraud he was entitled to recover whether a *bona fide* holder within the law merchant or not.   The evidence of the witness was at most nothing more than bringing into the case the unsworn admissions of one of the payees of the note, made long after he had parted with the title, and for the purpose of establishing an important element in the alleged fraud.   Plaintiff had the right, under the facts here disclosed, to have the witness produced, or his deposition taken.   It is well settled law in practically all of the states of this country, and of England, that declarations and admissions of a former owner of property, tending to defeat his title, made after a transfer thereof to a third person, are inadmissible against his transferee or successor in interest. 1 Dunnell, Minn. Dig. § 3417; Burt v. McKinstry, 4 Minn. 146 (204), 77 Am. Dec. 507; 1 Notes on Minn. Reports, 108.   The rule applies to commercial paper, and forbids the payee thus to defeat the title of his transferee, by declarations and admissions made after the transaction.   2 Jones, Ev. p. 408; 8 Cyc. 255; 1 Am. & Eng. Enc. (2d ed.) and cases cited in note on page 685; Patton v. Gee, 36 Ark. 506; Head v. Shaver, 9 Ala. 791; Buckman v. Barnum, 15 Conn. 67; National Bank of Athens v. Exchange Bank of Athens, 110 Ga. 692, 36 S. E. 265; Gillighan v. Tebbets, 33 Me. 360; Zimmerman v. Kearney County Bank, 57 Neb. 800, 78 N. W. 366, and numerous other authorities cited in Jones, Evidence, supra.   There are exceptions to the rule, none of which, however, are applicable to this case, and for the error in admitting the evidence there must be a new trial.   That the evidence was prejudicial is clear.

This sufficiently covers the case, and we need not refer to the assignments challenging the instructions to the jury, except to say that the reference in the charge to a *failure* of consideration was evidently an inadvertence.   A mere failure of consideration would not constitute a defense to the action if plaintiff was a *bona fide* holder.   To constitute such defense a total want of consideration must be shown. If the charge contains other technical errors they will be corrected on the new trial.

Order reversed and new trial granted.