JOHN SNOW and ALDEN BRYANT, Plaintiffs in Error, *vs.* Roswell B. JOHNSON, Defendant in Error.

ERROR TO THE DISTRICT COURT OF WASHINGTON COUNTY.

The facts in controversy, and the point ruled in this case, appears sufficiently from the opinion of the Court.

RICE, HOLLINSHEAD & BECKER, for Plaintiffs in Error.

M. S. WILKINSON and NELSON, for Defendants in Error.

*By the Court.*—GOODRICH, Chief Justice. This is an action of assumpsit, brought in the Court below by the Defendant in Error, against the Plaintiffs in Error, upon a verbal contract, in and by which it is alleged that the plaintiffs in Error agreed to pay one half of the expense of constructing a certain wharf in the town of Stillwater. To which the defendants below pleaded *non assumpsit.*

The cause was submitted to a Jury under the charge of the Court, who, on the 12th day of February, 1850, found for the plaintiff a verdict for $32,50 and costs; for the reversal of which this Writ of Error is brought. It appears from the evidence, that about the 1st of August, 1848, Johnson contracted with one Perry Edwards for the construction of a wharf, at and for the sum of $200. That Edwards was prosecuting the work which he afterwards abandoned at Johnson's request. It further appears, that while the work was in progress, Snow and Bryant agreed to pay one half of the expense of its construction. That afterwards, and during the month of August, Johnson paid Edwards $65, to recover one half of which this suit was brought. On the trial in the Court below, defendants offered to prove by Socrates Nelson, that the work was

not worth the amount paid Edwards by Johnson.   The Court overruled this offer, and rejected the evidence of Nelson; to which ruling of the Court defendants excepted.   We think, that in this the Court erred, and that this exception was well taken.

If defendants are to be compelled to bear a part of Johnson's debt to Edwards, it would be oppressive not to permit them to show what amount was justly due, or paid to Edwards.   When the contract was abandoned, the *amount* of work done by Edwards, and its *value*, was clearly the subject of proof, and had Johnson refused to pay Edwards, he would have resorted to the law, and recovered upon his proof.  Johnson would have had an undoubted right to adduce evidence tending to reduce the amount of Edwards' claim; and if Snow & Bryant are to be brought into contribution, they must be permitted to protect themselves against collusion between Johnson and Edwards.

Give them the control of this matter; close the door against Snow & Bryant, and they are at the mercy of Johnson and Edwards, who may mulct them in any amount they choose. Such a proceeding cannot be sanctioned by this Court.   It matters not what amount Johnson paid to Edwards.

The legitimate inquiry is, what amount did Johnson *rightfully* pay Edwards?

This Court will not lay down the rule, that when a party is sued for money, he shall not be allowed, by way of defence, to prove that the amount demanded is unjust and extortionate.

The judgment of the Court below is reversed with costs; and this cause remanded where a new trial may be had.