STEPHEN R. STREETER *vs.* GEORGE H. SMITH and another.

## July 17, 1883.

**Contract—Bailment—Damages.**—The defendants were in possession of certain chattels, upon which the plaintiff held a mortgage, which he was about to foreclose, and, in order to induce him to refrain from taking immediate possession thereof, agreed in writing to keep the same in their possession, subject to his demand, or to pay him the sum of $325. *Held,* a valid agreement, and, in default of the delivery of the goods upon demand, the defendants were liable to pay the stipulated sum.

Appeal by defendants from an order of the district court for Hennepin county, refusing a new trial, after a trial before *Shaw,* J., and a jury. The action was brought by plaintiff in November, 1871, to re-

·cover the sum of $325, stipulated in the agreement set out in the opinion, with interest.

*Rea, Woolley & Kitchel,* for appellants.

*Worrall & Jordan,* for respondent.

VANDERBURGH, J. The plaintiff claims to recover by virtue of the following written agreement executed by defendants:

"MINNEAPOLIS, October 3, 1871.

"This is to certify that we now have in our possession a certain pair of black horses, with wagon and harness, belonging to Stephen R. Streeter, of St. James, Watonwan county, in the state of Minnesota, as is made to appear by a certain mortgage holden for the purchase money of the said property above mentioned, against John B. Renchard, of Ottawa, Le Sueur county; and that said property we agree to keep in our possession until called for by the said Streeter; and, if not on hand for delivery, then we are to pay to the said Stephen R. Streeter the sum of three hundred and twenty-five dollars, unless the said John B. Renchard shall satisfy the said Streeter to that amount on the above-mentioned mortgage."

Evidence was introduced upon the trial, without objection as to its competency, showing that the plaintiff held a chattel mortgage upon the property in controversy, which was filed in Le Sueur county, where it was situated when the mortgage was executed. The mortgaged property was subsequently transferred to the defendants in Hennepin county, whither the plaintiff went for the purpose of taking possession of it under his mortgage. The horses were at the time absent, hauling supplies for defendants in the woods, and the evidence tends to prove that, at the request of defendants, who were advised of his purpose and of the nature of his claim, and for their convenience, plaintiff desisted from further pursuit of the property, and accepted from them this agreement. There is no evidence that plaintiff's claim under the mortgage, the existence and validity of which are recognized and admitted in the agreement, was false or fraudulent, and the mortgage debt was never paid. Under these circumstances, the trial court properly held the agreement supported by sufficient consideration, and that the defendants are bound by it. They thereby

constituted themselves the bailees of the property for the plaintiff, and, in case of their failure to keep the same ready for delivery upon his demand, they became liable to pay him the stipulated sum of $325. *Slosson* v. *Beadle,* 7 John. 72.

Order affirmed.