WALTER TURLE v. WILLIAM C. SARGENT and Another.[1]

December 16, 1895.

Nos. 9594—(173).

**Promissory Note—Collateral to Debt of Another—Consideration.**

If a third party, without any consideration personal to himself, gives his promissory note to a creditor as collateral to the mere naked debt of another, without any circumstance of advantage to the debtor, or disadvantage to the creditor, the note is without consideration. Security Bank v. Bell, 32 Minn. 409, followed, and Rosemond v. Graham, 54 Minn. 323, distinguished.

**Same—Renewal.**

*Held*, further, that any renewal of such note, unless there is some consideration to support it, other than the mere surrender of the original note, is also without consideration.

Appeal by plaintiff from an order of the district court for St. Louis county, C. L. Lewis, J., denying a motion for a new trial. Affirmed.

*McCordic & Crosby* and *Billson, Congdon & Dickinson,* for appellant.

The fact that the giving of the original note was induced by the agreement of Turle not to institute criminal proceedings against Hooker, did not invalidate the note. Where a criminal prosecution has not been instituted, even an express agreement not to institute such proceedings is not illegal, unless it be also shown that in fact a criminal offense had been committed. Steuben Co. Bank v. Mathewson, 5 Hill, 249; Swope v. Jefferson F. Ins. Co., 93 Pa. St. 251; Deere v. Wolff, 65 Iowa, 32, 21 N. W. 168; Catlin v. Henton, 9 Wis.

[1] Reported in 65 N. W. 349.

476; Schultz v. Catlin, 78 Wis. 611, 47 N. W. 946. The original note, being given as collateral security for the indebtedness of Hooker, was supported by sufficient consideration. Close v. Hodges, 44 Minn. 204, 46 N. W. 335; Lundberg v. Northwestern Elevator Co., 42 Minn. 37, 43 N. W. 685; Combination S. & I. Co. v. St. Paul City Ry. Co., 47 Minn. 207, 49 N. W. 744; Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38; Haugan v. Sunwall, 60 Minn. 367, 62 N. W. 398; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61; American L. & T. Co. v. Billings, 58 Minn. 187, 59 N. W. 998; 1 Daniel, Neg. Inst. §§ 184, 185, 825–827, 832; Jones, Pledges, §§ 107, 108, 110, 111, 113, 114; Colebrook, Collat. Secur. §§ 10, 20, 22; Swift v. Tyson, 16 Pet. 1; Railroad Co. v. National Bank, 102 U. S. 14; 30 Am. Law Reg. pp. 698, 699, 704. The transaction involving the giving and acceptance of the original note, even though as collateral security, being completely executed, it was immaterial whether there was a consideration supporting it. Turle's right to the security became vested and complete even though the giving of the security was a voluntary matter. The security being once perfected cannot be avoided for want of a new consideration. Close v. Hodges, supra, 206; American L. & T. Co. v. Billings, supra. If the original note was supported by a consideration, even though held as collateral security only, its surrender was a sufficient consideration for the notes given in its place. 1 Daniel, Neg. Inst. § 827; Colebrook, Collat. Secur. § 15. Notes given in place of the original note, including the note in suit, were not affected by any illegal agreement which Turle may have entered into at the time of the execution of the original note. See 1 Daniel, Neg. Inst. § 207; Wald's Pollock, Cont. 322. The test whether a demand connected with an illegal transaction is capable of being enforced at law is whether the plaintiff requires the aid of the illegal transaction to establish his case. Armstrong v. American Ex. Bank, 133 U. S. 433, 10 Sup. Ct. 450; Swan v. Scott, 11 S. & R. 155; Chase's Exrs. v. Burkholder, 18 Pa. St. 48; Woodworth v. Bennett, 43 N. Y. 273; Chitty, Cont. 972 (11th Ed.) c. IV, § 1, note d, and cases cited. Faikney v. Reynous, 4 Burr. 2069; Armstrong v. Toler, 11 Wheat. 258; Smith v. Barstow, 2 Doug. (Mich.) 155, and cases cited; Feret v. Hill, 15 C. B. (80 E. C. L.) 207; Anheuser-Busch Brewing Assn. v. Mason, 44 Minn. 318, 46 N. W. 558; Tracy v. Talmage, 14 N. Y. 162; Read v. Anderson, L. R. 13 Q. B.

D. 779, 783; Gresham v. Morrow, 40 Ga. 487; Drake's Ex'r v. Chandler, 18 Gratt. 909; Mason v. Campbell, 27 Minn. 54, 6 N. W. 405; Early v. Mahon, 19 Johns. 147; Gwinn v. Simes, 61 Mo. 335; Cronyn v. Griffiths, 18 Up. Can. Q. B. 396; Robinson v. Green, 3 Metc. (Mass.) 159; Hartford F. Ins. Co. v. Chicago, M. & St. P. Ry. Co., 62 Fed. 904; Ewell v. Daggs, 108 U. S. 143, 2 Sup. Ct. 408; Greenhood, Pub. Pol. rules 14 and 28. The notes given subsequent to the first, and especially the note in suit, constituted new contracts, based upon legally adequate consideration, and not upon any unlawful inducements. Neibles v. Minneapolis & St. L. Ry. Co., 37 Minn. 151, 33 N. W. 332, and cases cited; Leake, Cont. 533, and cases cited; Pollock, Cont. 158; Haigh v. Brooks, 10 A. & E. 309; Smith v. Smith, 13 C. B. (N. S.) 418; Begbie v. Phosphate Sewage Co., L. R. 1 Q. B. D. 679; Westlake v. Adams, 5 C. B. (N. S.) 248; Edgeware Board v. Harrow Gas Co., L. R. 10 Q. B. 92; 1 Addison, Cont. 2–14; Johnston v. Allen, 22 Fla. 224; Wolford v. Bowen, 57 Minn. 267, 59 N. W. 195.

*Cash, Williams & Chester,* for respondents.

To substantiate their defense, it was not necessary for defendants to show that in fact a crime had been committed, or that criminal proceedings had been instituted. Steuben Co. Bank v. Mathewson, 5 Hill, 249; Catlin v. Henton, 9 Wis. 476; Schultz v. Catlin, 78 Wis. 611, 47 N. W. 946; Gorham v. Keyes, 137 Mass. 583; Gardner v. Maxey, 9 B. Mon. 90; Greenhood, Pub. Pol. pp. 459, 451, note 1; Seear v. Cohen, 45 L. T. N. S. 589 (1881); Welborn v. Norwood, 1 Tex. Civ. App. 614, 20 S. W. 1129; Wegner v. Biering, 65 Tex. 506; Smith v. Steely, 80 Iowa, 738, 45 N. W. 912. The original note must rest either upon an illegal consideration or upon no consideration whatever, and the case falls within the precise principle laid down in the cases of Smith v. Steely, supra; Schultz v. Catlin, supra; Security Bank v. Bell, 32 Minn. 409, 21 N. W. 470; Holm v. Sandberg, 32 Minn. 427, 21 N. W. 416; Osborne v. Doherty, 38 Minn. 430, 38 N. W. 111; In re Hess Estate, 150 Pa. St. 346, 24 Atl. 676. The mere reducing the amount of a note which is wholly illegal or wholly without consideration is clearly not a consideration for the reduced amount. Collins v. Blantern, 2 Wilson, 341, 1 Smith, Lead. Cas. (9th Am. Ed.) 646, 654; Campbell v. Sloan, 62 Pa. St. 481; Tate v. Wellings, 3 T. R.

531; First Nat. Bank v. Plankinton, 27 Wis. 177; Wegner v. Biering, supra; Bick v. Seal, 45 Mo. App. 475.    See, also, Groesbeck v. Marshall, 44 S. Car. 538, 22 S. E. 743.

START, C. J.[2]    1. This is an action upon a promissory note of the defendants for the sum of $5,826.67, payable to the plaintiff.    The defendants admitted the making of the note, but alleged as a defense that there was no consideration for the same; and, further, that it was given in renewal of a former note for $8,000, given by defendant William C. Sargent, and that the only consideration for this last note was the agreement of the plaintiff not to prosecute criminally one William T. Hooker for misappropriating the sum of $8,000, belonging to the plaintiff.    The reply was simply a general denial.    Trial by the court without a jury, and judgment ordered for the defendants, and from an order denying his motion for a new trial plaintiff appealed.

The trial court found that no consideration was given for the note in suit, or for any of the notes of which it was a renewal, other than the consideration for the original note of $8,000.    As to this original note the court found: That for some two years prior to the date thereof—February 1, 1890—the plaintiff and Hooker were partners in business, which was under the management of the latter, but the former furnished all the capital therefor.    That while they were such partners Hooker misappropriated about $8,000 of the funds of the firm, but in fact, as between the parties, they were the funds of the plaintiff.    Thereupon plaintiff threatened the defendant William C. Sargent, the personal friend of Hooker, to cause criminal proceedings to be instituted against him for such misappropriation, unless the matter was adjusted; and that the only consideration for the giving of the original note was the agreement of the plaintiff not to so prosecute him.    That this note was not given or taken in payment of Hooker's debt, or the amount of this misappropriation; neither was there any agreement for any extension of time to Hooker for the payment of his debt to the plaintiff in consideration of the giving of the note by the defendant.    This note was renewed several times until September 29, 1892, when the sum $8,826.67, ap-

[2] Buck, J., took no part.

pearing to be due on the original note as renewed, was voluntarily and without any consideration therefor reduced to the sum of $5,826.67, and the note therefor in suit was signed by the defendant William C. Sargent, and indorsed before delivery by his mother, the defendant Mary C. Sargent, solely at his request, and without any consideration.

2. If the evidence justifies the findings of fact, the conclusion that the defendants are entitled to judgment is correct.

The plaintiff, however, while conceding that the evidence supports the finding that the original note was given upon his agreement not to prosecute Hooker, denies that this was an illegal consideration, or that it was the only consideration for the note. As to the first, his claim is that, the plaintiff and Hooker being partners, it was a legal impossibility for the latter to embezzle partnership funds, and therefore his misappropriation of the funds was not a crime, and the agreement not to prosecute him was perfectly harmless. We are not prepared to concede this proposition, either as a question of law or morals. G. S. 1894, § 6710. But we are not called upon to decide the question, for, if the promise not to prosecute was not illegal, because it related to a supposed crime which it was impossible for Hooker to commit, it necessarily follows that a promise to refrain from doing that which it is legally impossible to do cannot be a valid consideration for the execution of a promissory note. Therefore if, as the court has found, there was no other consideration for this original note except such promise, it was wholly without any consideration.

The plaintiff's counsel, however, insists that the inevitable inference from the special facts found by the court is that the note was given as collateral security for the pre-existing debt of Hooker to the plaintiff, and that this was a valid consideration to support the note. He reaches this conclusion of fact by assuming as his premise a fact which the trial court did not find, but negatived by its finding, —that there was no other consideration for the note except the agreement not to prosecute. This is the argument: "It is certain that the note was given either in payment of Hooker's debt or as collateral thereto. The court has found that it was not taken in payment, and we concede that the case justified this finding. It will be seen from the case that it must, therefore, have been intended as a collateral

security." The conclusion must be correct if the first proposition of the syllogism is true.    We concede its correctness, for the purposes of this case, without so deciding, and proceed to the proposition of law that the giving of the note as collateral to the debt of Hooker was for a valid consideration.    The court found, and it is practically conceded, that the note was not given as payment, conditional or absolute, of Hooker's debt; and that there was no agreement to extend the time of its payment.    Where, then, is it possible to find a consideration for the note?    Neither the maker nor Hooker was benefited by the giving of the note.    The former owed no duty or obligation in the premises to the plaintiff, and the plaintiff, by accepting the note, assumed no duty or obligation to the maker, or any one else, and was in no way harmed by it.    The case falls within the undoubted rule that, if a third party, without any consideration personal to himself, gives his promissory note to a creditor as collateral to the mere naked debt of another, without any circumstance of advantage to the debtor or disadvantage to the creditor, the note is without consideration.    Security Bank v. Bell, 32 Minn. 409, 21 N. W. 470; 1 Daniel, Neg. Inst. § 185;  2 Randolph, Com. Paper, § 446;  Tiedeman, Com. Paper, § 170.

In the case of Security Bank v. Bell the facts were that the defendant, at the request of the plaintiff, gave his note as collateral security for a past-due note (for the same amount) of his son, and there was no other consideration for it;  and this court held that there was an entire want of consideration, stating the proposition without discussion or citation of authorities.    Manifestly, the court was of the opinion that the question was so thoroughly settled upon principle and authority that it would be an affectation of learning to dispose of the case in any different manner.    The case has been since referred to by this court with implied approval, and distinguished from a case where the time of payment of the debt for which the note was given as collateral was extended.    Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110.    The decisions of this court cited and relied upon by plaintiff in support of his proposition that, if defendants' note was given merely as collateral to Hooker's debt, there was a valid consideration, are not in point.    They are all of them cases where the original debtor gave his own note as security for his own debt, or indorsed the note of a third party for that purpose, or where

the creditor received the note of a third party direct in payment of the debt, or in consideration of a valid agreement to extend the time of its payment. Not one of them is similar in its facts to the cases of Security Bank v. Bell and the one at bar, where the only consideration for the note of a third party, given by him direct to the creditor, was the naked pre-existing debt of another.

The case of Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, does not purport to overrule Security Bank v. Bell, and an analysis of the former will show clearly that the two cases are not inconsistent. In Rosemond v. Graham the payee of a negotiable promissory note transferred it before maturity by indorsement to his creditor as collateral security for an antecedent debt, and it was held that the indorsee took the paper free from all defenses which might have been available between the original parties. This conclusion necessarily rests upon the proposition that the indorsee was a bona fide holder for value, and therefore the transfer was supported by a valid consideration. The opinion, however, does not suggest what the consideration to support the transfer was, but follows the case of Railroad Co. v. National Bank, 102 U. S. 14. Referring then, to this last case, to ascertain the consideration for such transfer, we find that the majority opinion places the decision upon the ground that the transfer of the paper was supported by a valid consideration, for the reason that where a creditor accepts from his debtor a transfer of negotiable paper by indorsement, as collateral security for his debt, he, as indorsee, takes the paper charged with the obligation imposed by the commercial law to present it for payment, and give notice of nonpayment; and, having assumed the responsibilities of a holder for value, he is entitled to the rights and privileges pertaining to such position. Mr. Justice Bradley, in a concurring opinion, stated that the true consideration for the transfer was the indebtedness of the indorser to the indorsee, and his obligation to pay or secure it; that the transfer of the paper rested upon the same consideration as if the debtor had given a mortgage or pledge of property as security for his debt, and in such case his debt and his obligation to pay it or secure its payment would be a valid consideration. It is manifest that this suggested consideration for the support of a transfer of negotiable paper by a debtor to his creditor as collateral security for his own debt does not exist where a third party gives his note direct

to the creditor as collateral to the debt of another. In the latter case the creditor assumes no obligation. He is not bound to present the note for payment, and give notice of nonpayment. Neither is there any obligation or duty on the part of the maker to pay or secure the debt of another. When the defendant Sargent, in this case, gave the original note to the plaintiff as collateral to Hooker's debt (if he did so), he was under no obligation or duty to pay or secure the debt; and the mere naked debt of Hooker, without benefit or disadvantage to any of the parties, was not a legal consideration for the note, and this case falls directly within and is ruled by the case of Security Bank v. Bell, which has not been overruled by Rosemond v. Graham, for the two cases are radically dissimilar in their facts and the law applicable thereto.

3. The original note having been given without any consideration, then each successive renewal thereof, including the note in suit, was also given without any consideration, unless there was some consideration to support it other than the mere surrender and renewal of the original note. The trial court found that there was no other consideration for the note in suit, or for any of the notes of which it was a renewal, except the original note. We have reviewed the evidence, and are of the opinion that this finding is sustained by the evidence.

The trial court did not err in refusing to amend its findings in the particulars of which the plaintiff complains.

Order affirmed.