HELEN GALE v. THOMAS F. BIRMINGHAM and Others.[1]

June 2, 1896.

Nos. 10,092—(110).

**Negotiable Note—Bona Fide Purchaser—Notice.**

Rule applied that, in order to prevent an indorsee for value before maturity of a negotiable promissory note, taken in the usual course of business, from being an innocent purchaser, it is not sufficient that he have notice or knowledge of facts which would put an ordinarily prudent person on his guard or on inquiry. He must have knowledge or notice of such facts that his failure to make inquiry amounts to bad faith.

Appeal by defendants from an order of the district court for Ramsey county, Kelly, J., granting a motion for a new trial. Affirmed.

*J. W. Pinch* and *Samuel Whaley*, for appellants.

*R. A. Walsh*, for respondent.

CANTY, J. This is an action on a promissory note, and the defense is usury. The plaintiff claims to be an innocent purchaser, for value, before maturity, in the usual course of business. Defendants had a verdict, the court granted a new trial, and they appeal. One of the grounds of the motion for a new trial is error at law occurring on the trial.

To dispose of the case, it is only necessary to consider the one question which the court below considered in its memorandum attached to the order granting a new trial. The court charged the jury as follows: "I charge you that, to prove the character of a bona fide holder, the evidence must show that * * * there was nothing in the circumstances surrounding the purchase of the note, and of which the plaintiff had knowledge before she made the purchase, which would lead an ordinarily prudent person to inquire into the circumstances of the giving of the note. And I charge you, in that connection, that if you believe, from the evidence, that the plaintiff, before she purchased the note, knew, or had (as an ordinarily prudent person ought to have) reason to believe, from the circumstances brought to her knowledge before she purchased it, that the defend-

[1] Reported in 67 N. W. 659.

ants had, or claimed to have, a defense to said note for usury of some part of it, then the plaintiff is not an innocent holder for value." This portion of the charge was excepted to by plaintiff and it is hardly necessary to cite authorities to show that it is erroneous. In order to charge such an indorsee with notice, it is not sufficient merely to charge him with notice or knowledge of facts which would put an ordinarily prudent person on his guard or on inquiry. He must have knowledge or notice of such facts that his failure to make inquiry amounts to bad faith. Merchants Nat. Bank v. Sullivan, 63 Minn. 468, 65 N. W. 924; Merchants Nat. Bank v. McNeir, 51 Minn. 123, 53 N. W. 178.

This disposes of the case, and the order appealed from is affirmed.