MICHAEL COLLINS and Another v. A. B. McDOWELL and Others.[1]

June 10, 1896.

Nos. 9960—(130).

**Negotiable Paper—Transfer—Notice.**

The rule that a purchaser of negotiable paper for a valuable consideration, in the due course of business, and before maturity, is entitled to be protected as an innocent purchaser, unless he has knowledge or notice of such facts that his failure to make inquiry amounts to bad faith, applied in a case where the only knowledge or notice was such as was derived from an inspection of the paper itself.

Action in the district court for Otter Tail county by Michael Collins and another, copartners as Citizens' Bank, against A. B. McDowell and others, as makers of a promissory note. From a judgment in favor of plaintiffs for $717.21, after a trial before Searle, J., and a jury, defendants appealed. Affirmed.

*Coppernoll & Willson*, for appellants.

*A. G. Broker*, for respondents.

COLLINS, J. The proofs presented by the plaintiffs, on the trial of this action, that they purchased the note in question from the

[1] Reported in 67 N. W. 845.

payees, for a valuable consideration, in due course of business, before maturity, and without actual notice or knowledge of any defense thereto, were plenary, and no attempt was made to controvert them. If, therefore, it conclusively appeared from the evidence, as a matter of law, that plaintiffs purchased in good faith, and without constructive notice or knowledge of a defense, it was the duty of the court below to direct a verdict in their favor. And unless a want of good faith, and notice or knowledge of a defense, is to be imputed to plaintiffs from the fact that a bank mark or stamp appeared on the face of the note, or because there was an erased indorsement on the back, or because several payments had been made by parties other than the makers, and indorsed on the back, the court did not err when it directed a verdict against defendants at the close of the trial.

The bank mark or stamp referred to seems to have been the words "Wadena State Bank," inclosed in a border, or in brackets. The erased indorsement was the name of the payee, apparently a partnership, preceding which were the words "Without recourse," also erased. Immediately below was the unqualified indorsement of the payee partnership. Then came a memorandum or indorsement of five payments by five different individuals, none of whom signed the note, each for the sum of $33.33,—a total of $166.65.

It is quite probable that the bank mark or stamp on the face of the note would indicate to a purchaser that the note had been in the bank, and of this fact the plaintiffs had actual notice before they purchased. They also had actual notice that, for the purpose of pledging the paper as collateral, the payee firm had indorsed it without recourse; but, as it was refused in that condition, it erased the restrictive indorsement, and made an unconditional one. The mark or stamp, the indorsement and erasure, might be suggestive, and have weight, if the dispute here was over the title to the paper, or the payee's indorsement; but how could it be inferred from any or all of these things that the makers of the note had a defense thereto? And what was there about the memoranda or indorsements of partial payments from which the existence of a defense which might have been available in an action between the original parties should have been inferred, or from which bad faith, or notice or knowledge of such a defense or any equities held by the makers of the note,

could be imputed to a purchaser for a valuable consideration, in the usual course of business, and before maturity? If it had appeared, directly or indirectly, that partial payments had been made by the makers, it would have impressed the ordinary business man as proof of the negotiable character of the paper, as well as the solvency of the makers. And, if made by other persons, the fair inference would be that such payments were made at the request of, and for the benefit of, the makers. The integrity of the paper would thus be confirmed.

Even if it were the rule that a purchaser of negotiable paper for a valuable consideration, in the due course of business, and before maturity, is required to exercise ordinary prudence in respect to knowledge derived from an inspection of the paper itself, there was nothing in respect to the note in suit which would have supported a verdict for defendants. But the rule is that such a purchaser is entitled to protection as an innocent purchaser, unless he has knowledge or notice of such facts that his failure to make inquiry amounts to bad faith. Merchants' Nat. Bank v. McNeir, 51 Minn. 123, 53 N. W. 178; Merchants' Nat. Bank v. Sullivan, 63 Minn. 468, 65 N. W. 924; Gale v. Birmingham, 64 Minn. 555, 67 N. W. 659.

Judgment affirmed.