FIRST NATIONAL BANK OF MORRISON v. JOHN BUSCH and Others.[1]

November 22, 1907.

Nos. 15,307—(43).

**Bills and Notes—Evidence of Fraud.**

It appearing, from the undisputed evidence, that the plaintiff was the transferee of negotiable paper in good faith before its maturity without notice of defenses, as collateral security for an antecedent indebtedness, the court properly excluded evidence tending to show that the execution and delivery of the note had been secured by fraud, and directed a verdict in favor of the plaintiff.

**Same—Contingent Liability.**

The rule which protects paper thus transferred applies when the antecedent debt is in the form of a contingent liability as indorser of discounted paper.

Action in the district court for Dakota county to recover $635 on a promissory note. The case was tried before Crosby, J., who directed a verdict in favor of plaintiff for $768.35. From an order denying their motion for a new trial, the defendants, except William J. Dunn and Charles L. Niemeyer, appealed. Affirmed.

*Hodgson & Lowell, Albert Schaller,* and *John C. Zehnder,* for appellants.

*Willis C. Otis,* for respondent.

ELLIOTT, J.

In an action on a promissory note the court directed a verdict in favor of the plaintiff, and the defendants appealed from an order denying a motion for a new trial.

It is the settled law of this state that an indorsee of negotiable paper before maturity as collateral security for an antecedent indebtedness, in good faith and without notice of defenses which might have been available between the original parties, holds the same free from such defenses. We have adopted the rule which prevails in the federal courts, and very generally elsewhere, under which it is not necessary that a new consideration, other than such as results from the transac-

[1] Reported in 113 N. W. 898.

tion itself, shall be paid at the time of the transfer. Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336; Bank of Montreal v. Richter, 55 Minn. 362, 57 N. W. 61; Haugan v. Sunwall, 60 Minn. 367, 62 N. W. 398; Turle v. Sargent, 63 Minn. 211, 217, 65 N. W. 349, 56 Am. St. 475; St. Paul Gaslight Co. v. Village of Sandstone, 73 Minn. 225, 235, 75 N. W. 1050. We are unable to see any distinction, so far as this question is concerned, between an antecedent debt in the form of an absolute liability and the contingent liability of an indorser, and no such distinction appears to have been made in the cases. Miller v. Pollock, 99 Pa. St. 202; Bank v. Stockell, 92 Tenn. 252, 21 S. W. 523, 20 L. R. A. 605. It is sufficient if the transferee of the collateral note is in such contract relations with the transferor as renders it advantageous to the transferee to have additional security for the performance of the antecedent obligation.

The note in question for $1,000 was given by the defendants to Champlin Bros. and bore date June 15, 1903. Upon the same date there was indorsed upon the note a payment of $365, which left a balance of $635, which became due according to the terms of the note on July 1, 1905. It appears that Champlin Bros. had previously discounted certain paper with the First National Bank of Morrison, respondent herein, and had agreed to deposit collateral security for their liability upon such indorsement, when required to do so by the bank. On April 11, 1905, Champlin Bros. were thus indebted to the bank for the sum of $4,871.11, and upon being called upon for security transferred this note to the bank as collateral. The evidence does not show directly the amount of this debt which was unpaid when this action was commenced, but soon thereafter, when the deposition of the cashier of the bank was taken, it appeared that it had been reduced to $814.96, thus still remaining in excess of the face of this note. After these facts had been made to appear the court refused to receive evidence tending to show that Champlin Bros. had obtained the note from the defendants by fraudulent means.

We cannot see that there was any error in this ruling, as the only possible result of establishing the fact that the note was fraudulent in its inception would have been to throw the burden upon the bank of proving that it was a bona fide purchaser for value without notice of the fraud. But the bank had already assumed this burden, and

had established the fact by evidence which was practically conclusive. The transaction was with the cashier of the bank, and he testified positively that he represented the bank, and in effect that no other officer of the bank knew anything of or had anything to do with the matter. Bank of Montreal v. Richter, supra. There is nothing in the evidence to suggest that the bank acted in bad faith, and unless something of this nature appears it cannot be charged with the duty of making inquiries with reference to the existence of possible defenses. Merchants' National Bank v. McNeir, 51 Minn. 123, 128, 53 N. W. 178; Merchants' National Bank v. Sullivan, 63 Minn. 468, 65 N. W. 924; Gale v. Birmingham, 64 Minn. 555, 67 N. W. 659; Collins v. McDowell, 65 Minn. 110, 67 N. W. 845; Drew v. Wheelihan, 75 Minn. 68, 77 N. W. 558. As the bank was conclusively shown to be a good faith holder of the paper for value, the court properly excluded the evidence tending to show a defense which was available only between the original parties to the paper, and directed a verdict in favor of the plaintiff.

The order appealed from is therefore affirmed.