CITIZENS BANK, APPELLEE, v. HENRY E. FREDRICKSON, APPELLANT.

FILED MARCH 20, 1909.   No. 15,408.

1. Notes for Accommodation. F. at the request of the B.-H. Mfg. Co. executed and delivered to it his two promissory notes of $1,000 each to be used by the company in raising money to relieve it from a condition of financial embarrassment. The company at the same time left three automobiles in the possession of F. to protect him from loss, and with the understanding that he could sell the machines and apply the proceeds to the payment of his notes. It was also agreed that the notes might be renewed from time to time, if necessary, and if the machines were redelivered to the company it would return the notes to F. *Held*, That the notes were accommodation paper.

2. ———: DEFENSES. It is no defense to an action on an accommodation note by the indorsee against the maker that it was made without any consideration, or that it was understood between the maker and the payee that the latter was to take care of it; and this, although the holder had, when he took the note, full notice of the circumstances under which it was made.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed*.

*Lysle I. Abbott*, for appellant.

*McGilton & Gaines*, contra.

BARNES, J.

This suit was based on a promissory note executed and delivered by the defendant to the Beardsley-Hubbs Manufacturing Company, dated the 19th day of November, 1902, and by it indorsed to the plaintiff before maturity. It was admitted by the defendant that the plaintiff was the purchaser of the note before due, for value, and in the due

course of business; but it was claimed in the answer and on the trial that plaintiff's ownership was with notice of the equities between the defendant and the original payee of the note. The case was tried before Honorable W. A. Redick, one of the judges of the district court for Douglas county, and a jury, and a verdict was rendered for the defendant. Plaintiff filed a motion for a new trial, which was sustained, the verdict was set aside, and the cause was again set down for trial. There was a second trial before the Honorable George A. Day, another judge of said county and district, and at the close of all of the evidence the court directed the jury to return a verdict for the plaintiff. This was done, judgment was duly rendered on the verdict, and the defendant has appealed to this court.

It appears without controversy that on July 18, 1902 one Volney S. Beardsley, an officer of the Beardsley-Hubbs Manufacturing Company, came to the city of Omaha for the purpose of attempting to dispose of some automobiles which his company had shipped to the defendant, and who, for some reason, had refused to purchase them, and then and there entered into an agreement with the defendant as follows: "Omaha, Nebraska, July 18, 1902. Received from H. E. Fredrickson two notes, one for $1,000 due in sixty (60) days from date, one for $1,000 due in four months from date without interest, which paper is given as accommodation paper to be used by us while we leave the following automobiles in your hands on consignment for sale: One number one Stanhope with top. Two number three combination Stanhopes. As soon as any of the above machines are sold, H. E. Fredrickson is to remit us for same and the proceeds indorsed on this accommodation paper. In event the paper becomes due before the machines are sold we agree to renew the paper without interest until the machines are sold or, should we reship the machines, before doing so will return these two notes canceled. We agree to make you a flat price on these machines of $750 each, which price has nothing to do

with any future business, and will do all in our power to assist you in closing any business on the sale of our machines by referring inquiries to you. The machines are to be kept clean and stored by you, and are not to be run out unless to show to a prospective buyer. Yours very resp., The Beardsley-Hubbs Mfg. Co., Volney S. Beardsley, Treas. & Mg'r"; that in pursuance of said agreement the defendant executed two notes of $1,000 each to the Beardsley-Hubbs Manufacturing Company, and delivered them to Beardsley, who thereupon left the cars described in the foregoing agreement with the defendant on consignment; that Beardsley took the two notes to Shelby, Ohio, where his company was located, and they were thereupon used for the purpose for which they were executed, by selling and delivering them to the plaintiff; that thereafter such transactions and arrangements were had that one of the notes was taken up and returned to the defendant and the other one was renewed; that there was paid upon the renewal note, which is the one in suit, $600, leaving a balance of $400 due thereon, which, together with interest, was sought to be recovered in this action. It further appears that the Beardsley-Hubbs Manufacturing Company was in financial difficulty at the time the notes were executed, and Beardsley informed the defendant of that fact. It also clearly appears that the original notes were given as accommodation paper in order to enable the payee to raise money thereon and thus relieve itself from that condition; that after the note in suit was executed, and about the 1st of December, 1902, the Beardsley-Hubbs Manufacturing Company failed in business, and was succeeded by the Shelby Motor Car Company, which last-named company took over the assets and assumed the debts and obligations of its predecessor; that some time thereafter, and while the note in suit was in the hands of the plaintiff bank, defendant returned the cars mentioned in the agreement, and which were still in his possession when the note in suit was executed, to the Shelby manufacturing company; that the company

acknowledged the receipt of the cars and promised to return the note, but never did so, for the reason that it failed in business, became a bankrupt, went into the hands of a receiver, and was unable to comply with its agreements.

The defense interposed was that the note in suit was without consideration; that, when the plaintiff discounted it, it did so with full knowledge of the terms of the contract between the Beardsley-Hubbs Manufacturing company and the defendant; that the Shelby Motor Car company, the successor of the payee of the note, failed, refused and neglected to comply with the terms of the contract, and therefore the defendant was fully and completely discharged from any and all liability upon the note.

The defendant contends that he was induced to execute the note in suit by reason of having in his possession for display the three machines described in the contract above quoted, with the privilege of selling them at a profit; that an accommodation note is one without consideration as between the maker and the accommodated party; that therefore the note in suit was not accommodation paper, and no right of action can be predicated thereon by the bank as against him. In *Greenway v. Orthwein Grain Co.,* 85 Fed. 536, we find a most excellent description of what constitutes accommodation paper, which we quote as follows: "Accommodation paper constitutes a loan of credit, without consideration, by one party to another, who undertakes to pay the paper and indemnify the lender against loss on its account. It is paper which is made, indorsed, or accepted by one party, without consideration, for the accommodation of another, for the purpose and with the intention that the latter shall obtain money or credit upon it of some third party. The accommodated party can maintain no action upon it against the accommodation maker, because the latter has received no consideration for it from him. But, if the party accommodated uses the paper in the ordinary course of business to obtain money, credit, or any other thing of value from a third party, the

law imputes the consideration which he receives to the accommodation maker, indorser, or acceptor, because the latter, by placing his name upon the paper, has, in effect, requested him who advances the consideration upon it to pay that consideration to the party accommodated. It was for that very purpose and with that intention that he placed his name upon the paper; and when a stranger has given a valuable consideration for it to the accommodated party in reliance upon this purpose and intent, the accommodation maker cannot be permitted to say that he has not himself received that consideration. It is therefore no defense against one who has acquired accommodation paper, with knowledge of its character, but in good faith, in the ordinary course of business, and for value, that the accommodation maker actually received no consideration for it." The note in question is described in the contract and in the pleadings as accommodation paper, and the defendant's counsel states: "The giving of these notes was beyond question a great accommodation to the Beardsley-Hubbs Manufacturing Company." Again, the machines which were left with Fredrickson on consignment bore no relation to the notes, but were held by him as security for the performance of the Beardsley agreement. In *Miller v. Larned*, 103 Ill. 562, it was said: "Accommodation paper is either a negotiable or nonnegotiable bill or note made by one who puts his name thereto without consideration, with the intention of lending his credit to the party accommodated." So we are of opinion that the district court was right in holding that the note in question was accommodation paper.

If this be true, it follows that the fact that the note was without consideration as between the defendant and the Beardsley-Hubbs Manufacturing Company is no defense to the plaintiff's action. Such was the view entertained by the supreme court of Minnesota in *Rea v. McDonald*, 68 Minn. 187, where it was held that an accommodation maker or indorser of a bill or note cannot make the defense of a want of consideration as against a

person who, in the regular course of business, and for value, has taken it before maturity, although the latter knew when he received the instrument that it was accommodation paper. In *Thatcher v. West River Nat. Bank,* 19 Mich. 196, it was said: "It is no defense to an action on a promissory note by an indorsee against the maker, that it was made without any consideration to the maker, or that it was understood between him and the payee that the latter was to take care of it; and this, although the holder had, when he took the note, full notice of the circumstances under which it was made." In *Miller v. Larned, supra,* it was held that, as to the holder of an accommodation note into whose hands it has come in the usual course of business for a valuable consideration, the maker will have no defense, and it makes no difference that the holder may have taken the note with full knowledge that it was accommodation paper. The case of *Rea v. McDonald, supra,* was one where the accommodation makers, under an agreement with the accommodation payee, took security to protect themselves from loss. To that extent that case and the one at bar are practically the same, and it was there said: "The proof is clear that defendants expected Blethen would discount the paper for his own benefit, and, having this expectation, they attempted to protect themselves from loss by taking security from him. At the request of Blethen, and that he might receive its benefits, the defendants loaned their credit in the shape of a promissory note, in which the bank of New England was named as a payee. He used this note at the bank, either by discounting the same and causing the amount thereof to be placed to his credit on deposit account, or by using it to pay a pre-existing debt. In either case, and with or without knowledge that it was accommodation paper, the bank received it in good faith, and a good consideration passed between the latter and the defendants."

From the foregoing authorities it seems clear that, unless the defendant has shown the existence of such an

intimate relationship between the plaintiff in this case and the Beardsley-Hubbs Manufacturing Company as to in fact and as a matter of law constitute the plaintiff an original payee of the note in question, it is impossible for him to escape liability thereon. Upon this point the record contains some evidence that at least a part of the stockholders of the bank were also stockholders of the Beardsley-Hubbs Manufacturing Company. It appears that this evidence was introduced for the purpose of establishing the fact that the plaintiff had notice of all of the conditions of the agreement between the defendant and the payee of the note, and of the equities existing in favor of the defendant by reason of the transactions which occurred between them. It is doubtful if the evidence is sufficient to establish notice, much less any such intimate relationship between the bank and the manufacturing company as would put the plaintiff in the position of a payee of the note. If we were to consider the equities of this case, it seems clear that they preponderate in favor of the plaintiff. It parted with its money on the faith and credit of the note in question, and, unless the defendant is held liable, the balance due thereon will be wholly lost to the plaintiff. Again, the defendant was fully protected by his possession of the cars described in the contract with the payee of the note, and the fact that he voluntarily parted with his security is not the plaintiff's fault.

We are therefore of opinion that the defendant failed to establish any defense, either by his pleadings or his evidence to the plaintiff's cause of action. It follows that the verdict rendered on the first trial was properly set aside; that the directed verdict in the second trial was the only one which could have been rendered in this case; and, for the foregoing reasons, the judgment of the district court is

AFFIRMED.