# WEST COAST COMPANY v. C. H. BRADLEY.[1]

July 8, 1910.

Nos. 16,496—(87).

**Note without consideration.**

> If a third party, without any consideration personal to himself, give his promissory note to a creditor as collateral to the mere naked debt of another, without any circumstance of advantage to the debtor or of disadvantage to the creditor, the note is without consideration. Turle v. Sargent, 63 Minn. 211, followed and applied.

Action in the district court for Ramsey county against C. H. Bradley, Jr., and F. R. Leslie to recover $2,000 upon four promissory notes made by defendant Bradley and indorsed by defendant Leslie. The separate answers of defendants admitted the execution and delivery of the notes, but alleged that they were executed and indorsed without consideration. The replies were general denials. The case was tried before Kelly, J., who made findings and as conclusions of law found that the notes were without consideration and were void; that defendant Bradley incurred no liability by the making of the notes and that defendant Leslie was released from any liability as indorser thereon by reason of the failure of plaintiff to make due demand and give notice of nonpayment and by failure to protest said notes, and that defendants were entitled to judgment. From an order denying plaintiff's motion for a new trial, so far as it related to defendant Bradley, it appealed. Affirmed.

*Harris Richardson, Harold C. Kerr,* and *Gilbert & Greenman,* for appellant.

*Sander N. Nelson,* for respondent.

JAGGARD, J.

Plaintiff and appellant brought this action against defendant Leslie and defendant and respondent Bradley to recover judgment on

[1]Reported in 127 N. W. 6.

four promissory notes for $500, signed by Bradley, payable to plaintiff's order, and indorsed by Leslie. Defendant Bradley admitted the execution and delivery of the notes, but alleged that they were without consideration. By stipulation, the case was tried to the court. The court found that the notes were without consideration and void, and other matters. Judgment was ordered for both defendants. Plaintiff moved to amend the findings, and for a new trial. The court amended certain of its findings, and held that plaintiff was entitled to judgment for full amount against Leslie, but that defendant Bradley was entitled to judgment. Plaintiff appealed from this order.

Some two months before the execution of these notes, Leslie, owing plaintiff, went into bankruptcy. He owned considerable stock, which was turned over to the trustee in bankruptcy. Leslie went to Chicago and met one Goldberg, an officer of the plaintiff. Bradley had previously advised Leslie that the old stock could be bought from the trustee for $1,000. Leslie told Bradley to take it at that figure. What happened in negotiations between the defendants and Goldberg was disputed. There was testimony tending to sustain plaintiff's contention that the arrangement was this: Goldberg would buy the stock for $1,000 from the trustee in bankruptcy. Bradley would pay him $300 in cash and $700 in a note. Bradley would then execute the notes here sued on. As a matter of fact the stock was bought for Bradley. Bradley executed the $700 note, and the notes here in question, and paid $300. The plaintiff insists that it was the bona fide holder of these notes for value, that as between Leslie and plaintiff there was ample consideration, that Bradley could not prove lack of consideration between Leslie and himself, and that such want of consideration was immaterial as against plaintiff. If the facts for which he contends were the facts finally disclosed by the record, then Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 Am. St. 475, was clearly distinguishable.

The trial court, however, did not find the facts as plaintiff contends. Really the only question in this case is whether, notwithstanding the testimony tending to show these facts, there was other testimony in the record which justified the trial court's view.

We have examined the entire record in this regard, and have concluded that the trial court was justified in finding in effect that Bradley gave the four notes here sued on as collateral to a mere naked debt to Leslie, and that at another time, as an independent transaction, plaintiff bought the bankrupt stock for $1,000, and resold it to Bradley for $1,000, which Bradley paid. The record shows that the negotiations as to the purchase of the bankrupt stock were conducted in the morning. In the afternoon, Leslie, Goldberg, and Bradley were together. Leslie testified: "Why, we explained to Mr. Bradley that I couldn't sign the notes, and why, and that he would not be held responsible in any way. It was just simply signing them for me, and that I was to see that they were paid; that they couldn't take my signature, on account of this bankruptcy business. And it was explained to him, just as I said, that he wasn't to be held on them. Mr. Goldberg said it was just simply to fix up this old account, and that he wanted Bradley's signature."

We think the trial court properly concluded that there was not a circumstance of advantage to Bradley in executing the notes here sued on, and of disadvantage to the plaintiff; that Bradley paid "dollar for dollar for what he got." If it be said that the transaction enabled Bradley to get into business, plaintiff retained a customer. The case is within the rule laid down in Turle v. Sargent, supra.

Affirmed.