## GERMAN AMERICAN STATE BANK OF RITZVILLE v. P. J. LYONS.[1]

November 27, 1914.

Nos. 18,828—(91).

**Promissory note — title of indorsee — case followed.**
    1. Rosemond v. Graham, 54 Minn. 323, to the effect that an indorsee of negotiable paper, taken before maturity as collateral security for an antecedent debt, in good faith and without notice of defenses, holds the same free from such defenses, followed and applied.

**No error.**
    2. The record presents no reversible error.

Action in the district court for Hennepin county to recover $2,500 upon defendant's promissory note. The defense is stated in the opinion. The case was tried before Booth, J., and a jury which

[1] Reported in 149 N. W. 658.

returned a verdict in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Booth & McDonald,* for appellant.

*Koon, Whelan & Hempstead,* for respondent.

BROWN, C. J.

On June 9, 1910, defendant made and delivered his promissory note to one McLean for the sum of $2,500, due and payable on December 24, 1911. McLean was indebted to plaintiff bank in a sum exceeding the amount of this note, and before the maturity thereof and in the usual course of business transferred the note to plaintiff as collateral security to that indebtedness. Plaintiff thereafter brought this action to recover upon the note. Defendant interposed in defense that the note was obtained from him by McLean by fraud and fraudulent representation; that it was delivered upon certain conditions which were never complied with; that plaintiff took the note with notice and knowledge of the terms and conditions upon which it was delivered to McLean, and was not a *bona fide* holder of the same. Upon the issues so presented the cause went to trial, resulting in a verdict for plaintiff. Defendant appealed from an order denying his motion for a new trial, based in part upon the ground of newly discovered evidence.

The assignments of error challenge the sufficiency of the evidence to support the verdict, the refusal of certain requested instructions, and two or more rulings on the admission of evidence.

The defense of fraud and fraudulent representations interposed by defendant was available to him only in the event plaintiff was not a *bona fide* holder of the note. If plaintiff was such a holder, the note being negotiable, then, under the authorities, here and elsewhere, the defense fails. Roach v. Halvorson, supra, p. 113, 148 N. W. 1080, and authorities there cited. So the primary inquiry is whether the evidence supports the verdict affirming such *bona fides* in plaintiff's title. Our examination of the record leads to an affirmative answer to the question. We find ample evidence to support the conclusion that no officer or agent of plaintiff having the transaction in charge had any notice or knowledge of the alleged

fraud or fraudulent representations, and that the bank acquired the note in the usual course of business before maturity. In this view of the evidence, which has been given credence by the jury and trial court, it only remains to consider whether plaintiff is a holder for value, within the meaning of the law.

It appears, and there is no controversy upon the subject, that, at the time the note was transferred to plaintiff, it then held the obligations of McLean to an amount exceeding the amount of this note. The note was transferred to plaintiff as collateral security to that indebtedness. The trial court instructed the jury that the pre-existing indebtedness was sufficient to constitute a valuable consideration. Exception was taken to the charge and it is assigned as error. The instructions of the court were in harmony with the rule adopted many years ago by this court, and since adhered to, and the exception must be overruled. It was expressly held in Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336, that an indorsee of negotiable paper, taken before maturity as collateral security for an antecedent debt, in good faith and without notice of defenses, such as fraud, which might have been available as between the original parties, holds the same free from such defenses. Counsel for defendant contend that the decision there rendered was erroneous and should be overruled. In this we do not concur. The decision is in harmony with the general trend of our decisions in analogous cases. Horton v. Williams, 21 Minn. 187; 1 Notes on Minn. Reports, 882, and has consistently been followed and applied. 3 Notes on Minn. Reports, 1013, where all the decisions are collected and cited. And moreover the rule of the Graham case is in accord with the provisions of the Negotiable Instruments Act of 1913 (chapter 272, § 25) which, though not in force at the time of this transaction, is confirmatory of the rule there laid down.

The other assignments of error do not require special mention. We discover no error of a character to justify a reversal, either in the instructions of the court, or in its rulings excluding evidence, nor in denying a new trial on the ground of newly discovered evidence.

Order affirmed.