# BANK OF MONTREAL v. E. G. BEECHER.[1]

## May 19, 1916.

## Nos. 19,662—(56).

**Bills and notes — purchaser for value.**

1. One who takes an indorsement of a promissory note as collateral security for an antecedent debt owing to him by the indorser is a purchaser for value.

**Promise of third person to pay debt of another.**

2. On the other hand, where one takes, as collateral to a debt due from his debtor, the naked promise of a third person who is indebted to neither, such promise is without consideration.

**Consideration — continuance of supplementary proceedings.**

3. An agreement to forbear the enforcement of a legal right is a sufficient consideration to sustain a promise. Where a negotiable note held by a wife is indorsed and delivered to a judgment creditor of her husband as collateral security for the payment of the judgment, the continuance for a period of three months of proceedings supplementary to execution upon such judgment is a valuable consideration for the transfer.

**Same — collateral security.**

4. Whatever may be the nature of the consideration in such a case, if it is a valuable consideration the indorsee may hold the collateral, not merely for the amount of the new consideration, but for the full amount of the debt for which it is pledged.

**Notice — constructive notice of accommodation note.**

5. It is claimed that the note was an accomodation note, but there is no evidence that plaintiff had notice of that fact. Notice may be actual or constructive. In order to charge an indorsee with constructive notice the facts must be such as to impute fraud or actual bad faith.

[1]Reported in 157 N. W. 1070.

Note.—On the protection of persons taking bills or notes as collateral security as *bona fide* holders see note in 31 L.R.A.(N.S.) 287.

133 M.—6.

Action in the district court for Hennepin county to recover $6,250 upon a promissory note. The answer alleged that the note was given without any consideration; that plaintiff, having an overdue claim against David Elliott, the husband of the payee, caused her wrongfully to divert the note from the purpose for which it was given by giving it to plaintiff as collateral to secure the payment of that claim; that plaintiff never gave any consideration whatsoever either to defendant, to the payee or to her said husband, and that plaintiff is not a *bona fide* holder of the note for a valuable consideration, but received the same with notice of the foregoing facts and solely to secure the payment of an antecedent debt of David Elliott. The case was tried before Steele, J., who made findings and ordered judgment for $5,846.87 in favor of plaintiff. From an order denying his motion to amend the findings and conclusions of law or for a new trial, defendant appealed. Affirmed.

*Cray & Eaton,* for appellant.

*Durment, Moore, Oppenheimer & Haupt,* and *Hough, Campbell & Ferguson,* for respondent.

HALLAM, J.

This is an action on a promissory note brought by an indorsee against the maker. Plaintiff acquired the note by indorsement before maturity. Defendant contends that the note was given without consideration and for the accommodation of the payee and offered proof to that effect. The court rejected this evidenec on the ground that it appeared that plaintiff was a *bona fide* holder for value without notice.

If plaintiff was not a purchaser for value, or if charged with notice of the facts claimed in defense, the proffered testimony should have been received.

The facts are these: Lillian K. Elliott was the original payee of the note. Plaintiff had a judgment against David Elliott, her husband. Supplementary proceedings were instituted. Husband and wife were called for examination. After some examination this note was indorsed and delivered by Lillian K. Elliott to plaintiff as collateral security for payment of the judgment against her husband, and a stipulation was made that in consideration thereof further hearing in supplemental proceedings be "extended and continued" from April 25 to June 28. This

extension of time was the only new consideration for the indorsement of the note.

1. It is settled in this state that one who takes an indorsement of a promissory note as collateral security for an antecedent debt owing to him by the indorser is a purchaser for value. Rosemond v. Graham, 54 Minn. 323, 56 N. W. 38, 40 Am. St. 336; Haugan v. Sunwall, 60 Minn. 367, 62 N. W. 398; First National Bank of Morrison v. Busch, 102 Minn. 365, 113 N. W. 898, German American State Bank of Ritzville v. Lyons, 127 Minn. 390, 149 N. W. 658; Snelling State Bank v. Clasen, 132 Minn. 404, 157 N. W. 643.

2. On the other hand, it is held that when one takes, as collateral to a debt due from his debtor, the naked promise of a third person who is indebted to neither, such promise is without consideration. Security Bank of Minnesota v. Bell, 32 Minn. 409, 21 N. W. 470; Turle v. Sargent, 63 Minn. 211, 65 N. W. 349, 56 Am. St. 475; West Coast Co. v. Bradley, 111 Minn. 343, 127 N. W. 6; 1 Daniel, Neg. Inst. (6th ed.) § 185; 1 Randolph, Com. Paper (2d ed.) § 446; Tiedeman, Com. Paper, §170.

3. This case is not quite the same as either. It differs from the first in that the collateral is delivered by one not the debtor, and it differs from the second in that there is here an agreement, in consideration of the transfer, to suspend the enforcement of a lawful remedy for the collection of the debt.

It is said in Railroad Co. v. National Bank, 102 U. S. 14, 27, 26 L. ed. 61, that when a negotiable note upon its delivery to the transferee is in such form that the transfer makes him a party to the instrument, and imposes on him the duty to fix the liability of prior parties according to the commercial law by presentation for payment and due notice in case of nonpayment, the obligation thus imposed is a sufficient consideration to make the transferee a holder for value. See also Turle v. Sargent, 63 Minn. 211, 217, 65 N. W. 349, 56 Am. St. 475. Without either approving or disapproving this principle, we prefer to place our decision on other ground. In our opinion the suspension or continuance of the proceedings supplementary to execution formed a valuable consideration for the transfer of the note in question here, and made the plaintiff a purchaser for value within the law merchant.

It is well settled that an agreement to forbear or suspend the enforcement of a legal right is a good and sufficient consideration to sustain a promise. We might give many illustrations. In this state it has been held: That an agreement to extend the time of payment of a debt is a sufficient consideration for the note of a third party given as collateral to the debt (Nichols & Shepard Co. v. Dedrick, 61 Minn. 513, 63 N. W. 1110), or for a guaranty of the debt (Peterson v. Russell, 62 Minn. 220, 64 N. W. 555, 29 L.R.A. 612, 54 Am. St. 634) ; that the abandonment of an attachment sued out and about to be levied is sufficient consideration for the promise of a third party to pay the defendant's debt (Brewster v. Leith, 1 Minn. 40 [56]) ; that an agreement to defer a threatened foreclosure of a chattel mortgage is sufficient consideration for the promise of a person in possession to pay a stipulated sum (Streeter v. Smith, 31 Minn. 52, 16 N. W. 460) ; that forbearance by a creditor to make application for a receiver on a petition already drawn is a valid consideration for notes given by a third party not under previous obligation to pay (Minneapolis Land Co. v. McMillan, 79 Minn. 287, 82 N. W. 591) ; that an agreement to refrain from suing a husband on a debt, though for no definite time, is a sufficient consideration for a time note given by the wife for the debt. O'Gara, King & Co. v. Hansing, 88 Minn. 401, 93 N. W. 307.

The decisions of other states are in accord.

In Boyd v. Cummings, 17 N. Y. 101, plaintiff held a judgment against one McKay, and proceedings against him supplementary to execution were pending. A note had been given by McKay and indorsed by defendant for his accommodation. McKay delivered the note to plaintiff under an agreement that it was to be held as security for the judgment and that the supplementary proceedings should be discontinued. The supplementary proceedings were thereupon discontinued. It was held that "the discontinuance of the supplementary proceedings was ample consideration for the transfer" and that plaintiff was a purchaser for value.

In Robinson v. Gould, 11 Cush. 55, a constable had a writ issued for one Greenough's arrest for debt. Defendant gave a note to secure his release from arrest until the following Tuesday. This was held to constitute a sufficient consideration for the note.

In Giles v. Ackles, 9 Pa. 147, 49 Am. Dec. 551, execution was in the hands of the sheriff against one Brown and his property was about to be taken. Defendant promised that he would pay the judgment debt if the writ was stayed for six weeks. Plaintiff agreed to do this. This forbearance was held a sufficient consideration for the promise.

On principle and authority it must be held that plaintiff was a purchaser for value.

4. The amount of recovery in such a case is not limited to the amount of the new consideration which the indorsee parted with at the time of taking the note. The new consideration may not be of value easily measurable in money, but whatever may be the nature of it, if it is a valuable consideration, the indorsee may hold the collateral for the full amount of the debt for which it is pledged. The rule general agreed upon in jurisdictions which require some new consideration to make an indorsee of commercial paper as collateral a purchaser for value is applicable here. That rule is that there is but one measure of the sufficiency of a consideration, and consequently whatever would have given validity to the bill as between the original parties is sufficient to uphold a transfer as collateral, and if at the time of the transfer there is a present consideration, independent of the previous indebtedness, a party acquiring the paper as collateral security to a pre-existing debt thereby becomes a holder for value, and if he takes in good faith and without notice he may hold the paper unaffected by any prior equities between the original parties, at least to the extent of the debt for which it is taken as collateral. Goodman v. Simonds, 20 How. (U. S.) 343, 371, 15 L. ed. 934. No more than that was recovered in this case.

5. Defendant contends that plaintiff is chargeable with notice of the fact that this note was without consideration. There is authority for the proposition that a purchaser for value may take accommodation paper by indorsement and enforce the same against the maker, even though he have notice that it was given without consideration. 1 Daniel, Neg. Inst. (6th ed.) §790; Citizens Bank v. Fredrickson, 83 Neb. 755, 120 N. W. 462; Marling v. Jones, 138 Wis. 82, 119 N. W. 931, 131 Am. St. 996. This question was not argued and we do not decide the case on this ground. We mention it only that it may not appear that anything we have said shall be deemed to foreclose this rule.

In this case plaintiff had no actual notice of want of consideration in this note. But notice may be constructive as well as actual. In order to charge an indorsee with constructive notice the facts must be such as to impute fraud or actual bad faith. Merchants' Nat. Bank of St. Paul v. McNeir, 51 Minn. 123, 53 N. W. 178; Rosemond v. Graham, 54 Minn. 323, 330, 56 N. W. 38, 40 Am. St. 336; Haugan v. Sunwall, 60 Minn. 367, 371, 62 N. W. 398. We find no evidence of constructive notice in this case. Plaintiff was informed that this note was given on account of sale of stock in a Montana land company, but there is no evidence that it was advised of any facts impeaching its consideration. Neither the fact that plaintiff was unable to collect its judgment against David Elliott, nor the fact that it claimed he had turned over to his wife property which should have been held to satisfy the demands of creditors, nor the fact that his wife was willing to pledge this note to secure this judgment, had any tendency to charge plaintiff with notice that the note was without consideration.

Order affirmed.